**EXHIBIT 1**

**Defendant's Motion for a New Trial Pursuant to M.R.C.P. 30(A)(B)**
**3 pages**


**Not Scanned**
**(Scanner Hardware Difficulties)**

**Hand Delivered to the Clerk's Office August 4, 2005**

EXHIBIT 2

**Defendant's Memorandum of Law in Support of Motion for a New
Trial Pursuant to M.R.C.P. 30(A)(B)**

**13 pages**

**Not Scanned
(Scanner Hardware Difficulties)**

**Hand Delivered to the Clerk's Office August 4, 2005**

**EXHIBIT 3**

**Defendant's Motion for Leave of Court to Amend New Trial Motion**

**1 page**


**Not Scanned**
**(Scanner Hardware Difficulties)**

**Hand Delivered to the Clerk's Office August 4, 2005**

**EXHIBIT 4**

**Defendant's Memorandum of Law in Support of (Amended) Motion for Release from Unlawful Restraint, For New Trial, For Post-Trial Discovery, and Hearings**

**11 pages**

**Not Scanned**
**(Scanner Hardware Difficulties)**

**Hand Delivered to the Clerk's Office August 4, 2005**

**EXHIBIT 5**

**Motion for Leave to Appeal Denial of New Trial Motion**

**1 page**


**Not Scanned**
**(Scanner Hardware Difficulties)**

**Hand Delivered to the Clerk's Office August 4, 2005**

**EXHIBIT 6**

**Memorandum of Law In Support of Motion for Leave to Appeal Denial of New Trial Motion**

**9 pages**

**Not Scanned
(Scanner Hardware Difficulties)**

**Hand Delivered to the Clerk's Office August 4, 2005**

**EXHIBIT 7**

**October 24, 2004, Memorandum and Order of the Single Justice of the Supreme Judicial Court**

**3 pages**

**Not Scanned**
**(Scanner Hardware Difficulties)**

**Hand Delivered to the Clerk's Office August 4, 2005**

**EXHIBIT 8**

**December 15, 2004, Amended Memorandum and Order of the
Single Justice of the Supreme Judicial Court**

**4 pages**

**Not Scanned
(Scanner Hardware Difficulties)**

**Hand Delivered to the Clerk's Office August 4, 2005**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO: 04CV12642DPW

_____
                                                    )
LEROY WILLIAMS,                                     )
  Petitioner                              )
                                                    ) PETITIONER'S REPLY TO THE
v.                                                  ) RESPONDENT'S OPPOSITION TO THE
                                                    ) PETITIONER'S PETITION FOR HABEAS
MICHAEL THOMPSON                                    ) CORPUS
  Respondent                               )
_____ )

## STATEMENT OF FACTS AND PROCEEDINGS

   Leroy Williams's ("Mr. Williams") jury trial began on April 5, 1990, with jury selection. During the process, Juror 16-11, Phyllis Bland, a black woman, was examined by the court through individual *voir dire*. (Tr.1/46). She explained to the judge that her son had been arrested for assault and battery. (Id.). She was employed as a data transcriber. She assured that judge that she would listen to the evidence and make up her mind with the other jurors whether Mr. Williams had been proven guilty or innocent. (Tr.1/48). She was seated in chair twelve (12).

   The commonwealth exercised a peremptory challenge to remove Ms. Bland from the panel. (Tr.1/66-7). Mr. Williams, through counsel, immediately objected to the challenge and attempted to make a *prima facie* showing: "I would like to go on the record and call to the Court's attention that the defense objects to the challenge—" (Id.). The court refused to entertain the objection: "Just make the challenges, please, and return to your seats." (Id). Ms. Bland was excused. (Id.).

   The jury was ultimately sworn without Ms. Bland. (Tr.1/70). After the jury was sworn and seated, the defense was allowed symbolically to place the objection and *prima facie* showing

on the record:

> For the record, the defense objected to the Commonwealth's challenge of Juror
> No. 12. It was a black lady. I believe it was Juror…16-11. I base that objection on
> that there was no valid reason why that juror shouldn't be selected. It's obvious
> that the defendant is a minority. There were very few minority persons in the
> venire, and the defendant objects. (Tr.1/70-1).

Despite the *prima facie* showing, the commonwealth was not required and did not

provide a race neutral non-discriminatory justification for the challenge. (Id). The trial

proceeded nevertheless. On April 17, 1990, Mr. Williams was found guilty of the

offenses as charged. A notice of appeal was promptly filed on the same day.

The Supreme Court opinion of <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986)

addressing the issue of the impermissible use of peremptory challenges in violation of a

defendant's equal protection rights under the Fourteenth Amendment to the United States

Constitution had been decided four (4) years prior to Mr. Williams' conviction.

Additionally, <u>Commonwealth v. Soares</u>, 377 Mass. 461 (1979), addressed the same issue

on state constitutional grounds eleven (11) years prior.  Nevertheless appellate counsel

for Mr. Williams on direct appeal to the Supreme Judicial Court for the Commonwealth

of Massachusetts failed to raise the meritorious equal protection issue preserved by trial

counsel's contemporaneous objection.

On May 19, 1997,  Mr. Williams filed a motion for new trial *pro se*.  (Attached as

EXHIBIT 1). In that motion Mr. Williams raised the denial of his equal protection rights

by the commonwealth's impermissible use of a discriminatory peremptory challenge.

Mr. Williams also raised appellate counsel's ineffectiveness as cause for the failure of the

issue to be presented to the Supreme Judicial Court.  In his supporting memorandum, Mr.

Williams briefed both the equal protection issue and the ineffective assistance of

appellant counsel issue for the trial judge's consideration relying on both federal and state precedent. (Memorandum attached as EXHIBIT 2).

By 2001, four (4) years after filing his initial motion for new trial, Mr. Williams had received no ruling on his motion. On June 5, 2001, Mr. Williams filed an amended motion for new trial, adding additional argument to his initial motion. (Attached as EXHIBIT 3). The motion was supplemented with a supporting memorandum of law which again raised the equal protection issue and the ineffective appellate counsel issue on state and federal precedent. (Attached as EXHIBIT 4).

The motion for new trial was denied by the motion judge. Pursuant to Mass. Gen. L. ch. 278, §33E, Mr. Williams petitioned the Single Justice of the Supreme Judicial Court to grant him leave to appeal the trial court's denial of his motion for new trial. (Attached as EXHIBIT 5). In the motion for leave, supported by a memorandum of law, Mr. Williams presented the equal protection argument and ineffective assistance of appellate argument to the Single Justice relying on federal and state precedent. (Supporting Memorandum attached as EXHIBIT 6).

On October 26, 2004, The Single Justice denied Mr. Williams's petition for leave to appeal the denial of his motion for new trial. The decision was six (6) paragraphs long covering three (3) pages. (Attached as EXHIBIT 7). In the opinion the Single Justice addressed Mr. Williams equal protection issue substantively on the merits. The Single Justice examined the trial transcript, as indicated by a footnote 2 reference to jury voire dire conducted by the trial judge, and cited case law to support the finding that Mr. Williams's rights were not violated. Mr. Williams filed a motion to reconsider. The Single Justice affirmed the earlier decision referencing the ineffective assistance of

counsel claim and substantively addressing the equal protection claim. (Attached as

EXHIBIT 8).

**ARGUMENT**

I.    THE FEDERAL COURT MUST ADDRESS THE MERITS OF MR. WILLIAMS'
      CLAIM THAT HE WAS DENIED EQUAL PROTECTION OF THE LAW BY THE
      COMMONWEALTH'S DISCRIMINATORY USE OF A PEREMPTORY
      CHALLENGE BECAUSE HABEAS REVIEW OF THE CLAIM IS NOT BARRED BY
      STATE PROCEDURAL DEFAULT.

      Although Mr. Williams's equal protection claim was not presented to the Supreme

Judicial Court on direct review, the issue is not procedurally barred from the Federal Court's

consideration.  If the last state court to be presented with a particular federal claim reaches the

merits of the claim, any bar to federal court review that might otherwise have existed is vitiated.

Phoenix v. Matesanz, 189 F.3d 20, 25 (1st Cir. 1999); Cefalo v. Matesanz, 49 F. Supp. 2d 54, 55

(D. Mass 1999). This rule of law is so even if a defendant files a federal habeas corpus petition

from a denial under Mass. Gen. L. ch. 278, §33E.  See Id.

      In Mr. Williams's case, it is apparent that the Single Justice, the last and highest member

of the Commonwealth's judicial branch to rule upon Mr. Williams's claims, reviewed

substantively the merits of Mr. Williams legal arguments. It is evident that the Single Justice

reviewed the transcripts of Mr. Williams trial as indicated by footnote 2 of the opinion where the

manner of the individual *voire dire* is referenced.  Additionally, the Single Justice referred to

case law in evaluating Mr. William's equal protection claim contained in his petition.

      Although incorrect, the Single Justice's examination of the equal protection issue in Mr.

Williams's case was thorough.  It cannot be said that it was merely a passing reference to the

merits.  Nor was it prefaced with an allusion to the miscarriage of justice standard which is often

employed when the Single Justice determines that an issue is procedurally barred.  <u>Compare</u>

<u>Phoenix</u>, 189 F.3d at 25 n.2.

Therefore, the Single Justice reviewed Mr. Williams's equal protection legal argument on

the merits, thereby removing any alleged procedural default to bar federal review.  As such, the

Federal Court must consider the claim on the merits.

II.    EVEN IF, *ARGUENDO*, MR. WILLIAMS'S EQUAL PROTECTION CLAIM IS IN
       PROCEDURAL DEFAULT, THE FEDERAL COURT MUST ADDRESS THE
       MERITS OF HIS CLAIM BECAUSE ANY ALLEGED PROCEDURAL DEFAULT IS
       EXCUSED BY JUST CAUSE AND PREJUDICE.

Even if, *arguendo*, Mr. Williams's equal protection claim is in procedural default, the

federal court must consider the merits of his claim because the posture and facts of Mr.

Williams's case reveal cause for and prejudice from any alleged procedural default. If a

defendant can show just cause for and resulting prejudice from a procedurally defaulted claim,

the federal court will review the claim in accordance with habeas corpus review. <u>Sawyer v.</u>

<u>Whitley</u>, 505 U.S. 333, 338 (1992).

Constitutionally ineffective assistance of appellate counsel in failing to raise a

meritorious issue on direct appeal qualifies as just cause excusing a procedural default.  <u>Edwards</u>

<u>v. Carpenter</u>, 529 U.S. 446, 451 (2000).  Counsel is constitutionally ineffective if the

representation he provides to a defendant falls measurably below the standard expected from an

ordinary fallible lawyer depriving a defendant of an available, substantial ground of defense.

<u>Commonwealth v. Seferian</u>, 366 Mass. 89, 96 (1974); <u>Strickland v. Washington</u>, 466 U.S. 668,

686-88 (1984). To qualify for consideration as just cause in the Federal Court, the ineffective

assistance claim must be presented in the first instance to the state court for consideration.  <u>See</u>

<u>Edwards</u>, 529 U.S. at 453.

Prejudice is defined in this circuit as that which places a defendant at a substantial disadvantage infecting the entire trial with error of constitutional dimension.  Ortiz v. Dubois, 19 F.3d 708, 714 (1st Cir. 1994).

In this case, even if Mr. Williams's claim is in procedural default, it is excused by just cause in that his appellate counsel was constitutionally ineffective in failing in the first instance to present the equal protection issue to the Supreme Judicial Court on direct appeal.  Mr. Williams presented appellate counsel's ineffectiveness to both the Motion Judge and the Single Justice.

At the time the notice of appeal was filed subsequent to Mr. Williams's conviction, Batson v. Kentucky, 476 U.S. 79 (1986), defining the contours of a defendant's Fourteenth Amendment right to receive equal protection under the laws to be free from the government's impermissible, discriminatory  use of peremptory challenges was four (4) years old.  Similarly, Commonwealth v. Soares, 377 Mass. 461 (1979) the State's own decision addressing the unconstitutionality of discriminatory government use of peremptory challenges had been well known since it was decided eleven (11)  years preceding Mr. William's direct appeal.  Appellate counsel need not have turned more than seventy (70) pages into the first volume of the trial transcripts to discover that the sole black woman in the jury venire was being peremptorily challenged by the prosecution and excused by the court despite trial counsel's *prima facie* showing and the lack of a non-discriminatory justification.

In addition, counsel's ineffectiveness resulted in actual prejudice to Mr. Williams as it is defined in habeas corpus context.  The discriminatory challenge of potential jurors is a structural defect in the constitution of the trial mechanism.  Arizona v. Fulminante, 499 U.S. 279, 306-7 (1991).  The entire conduct of the trial from beginning to end is obviously affected by the

absence of a fairly chosen, impartial jury. See Id.; Vasquez v. Hillery, 474 U.S. 254 (1986). It requires immediate reversal of a defendant's conviction and award of a new trial. See Batson, 476 U.S. at 100.

## CONCLUSION

For the forgoing reasons the court must conclude that Mr. Williams' first ground for habeas relief, the denial of equal protection of the law by the government's impermissible, discriminatory use of peremptory challenges is not in default and shall be addressed on the merits. In further consideration of the merits of the claim, the court should allow Mr. William's petition for habeas corpus on both claims.

By his Attorney

_____/s/__Joseph F. Krowski_____
JOSEPH F. KROWSKI, ESQUIRE
LAW OFFICE OF JOSEPH F. KROWSKI
30 Cottage Street
Brockton, MA 02301
(508) 587-3701
BBO: 280540

Date: August 3, 2005

## CERTIFICATE OF SERVICE

I, Joseph F. Krowski, Esquire, hereby certify that I have this 3rd day of August, 2005, served a copy of the above Petitioner's Reply to the Respondent's Opposition to the Petitioner's Petition for Habeas Corpus with attached exhibits on Annette C. Benedetto, Assistant Attorney General for the Commonwealth of Massachusetts, One Ashburton Place, Boston, Massachusetts 02108 by first class mail postage prepaid.

_____/s/ Joseph F. Krowski_____
JOSEPH F. KROWSKI, ESQUIRE