# United States Court of Appeals
## For the First Circuit

No. 06-1856

LEROY WILLIAMS,

Petitioner, Appellant,

v.

MICHAEL THOMPSON,

Respondent, Appellee.

Before

Torruella, Lynch and Lipez,
<u>Circuit Judges</u>.

JUDGMENT

Entered: October 31, 2006

　　Petitioner Leroy Williams, who in 1990 was sentenced to life imprisonment as a result of his state-court conviction for first-degree murder (and related offenses), has requested a certificate of appealability ("COA") to challenge the district court's denial of his § 2254 petition for habeas relief. For the following reasons, the petition for COA is <u>denied</u>.

　　Williams argues that the Commonwealth's use of a peremptory challenge to excuse a black juror, without offering a race-neutral justification, violated his rights under the Fourteenth Amendment, as interpreted by the U.S. Supreme Court in <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986). But the correctness of the district court's rejection of this claim is not reasonably debatable. <u>See generally Miller-El v. Cockrell</u>, 537 U.S. 322, 337-38 (2003). As the district court concluded, the <u>Batson</u> claim is in procedural default. After all, Williams failed to present the claim on direct appeal to the Massachusetts Supreme Judicial Court ("SJC"). And, although Williams later presented the claim to a Single Justice of

the SJC in a petition seeking leave to appeal the denial of his request for a new trial, the Single Justice denied the petition on the ground that the claim presents no "new and substantial" issue. See Mass. Gen. L. ch. 278, § 33E. Contrary to Williams' apparent belief, this is not a case where the Single Justice determined that the issue was "new but not substantial," leaving open the question whether habeas review is appropriate, see Phoenix v. Matesanz, 189 F.3d 20, 25 (1st Cir. 1999); rather, the Single Justice determined that *neither* part of § 33E's conjunctive procedural requirement could be met, thereby providing an "independent and adequate state ground" barring federal habeas review of the Batson claim. See id.; Simpson v. Matesanz, 175 F.3d 200, 207 (1st Cir. 1999).

To be sure, Williams has argued that his appellate counsel was ineffective for failing to raise the Batson claim on direct appeal to the SJC, and that this constitutes "cause" for his default of the claim.* But, as the district court reasoned, this argument fails because Williams cannot show Strickland prejudice; that is, Williams cannot show "a reasonable probability that, but for his [appellate] counsel's unreasonable failure to [raise the Batson claim], he would have prevailed on his appeal." See Smith v. Robbins, 528 U.S. 259, 285 (2000) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). Contrary to Williams' belief, his appellate counsel would not have been able to argue successfully that his trial counsel made a *prima facie* showing under Batson. See generally Rice v. Collins, -- U.S. --, 126 Sup. Ct. 969, 973-74 (2006) (discussing three-part Batson inquiry). His trial counsel's objection to the prosecution's peremptory strike was based solely on the facts that (1) Williams is black, and (2) the juror in question was one of a "very few" blacks on the venire. But these facts, standing alone, are insufficient to make a *prima facie* case under Batson. See United States v. Bergodere, 40 F.3d 512, 516 (1st Cir. 1994)("A defendant who advances a Batson argument ordinarily should come forward with facts, not just numbers alone."); United States v. Porter, 831 F.2d 760, 767-68 (8th Cir. 1987) ("Appellant's bare reliance on the fact that the government used one of its peremptory challenges to exclude one of the two black veniremen falls short of raising an inference of purposeful discrimination necessary to establish a *prima facie* case under Batson."). The trial judge was also aware that the juror had said,

---

* Williams has not argued that our refusal to consider the defaulted Batson claim will result in a "miscarriage of justice." As the district court correctly reasoned, the facts as found by the SJC indicate that Williams could not have made such a showing. See generally Simpson v. Matesanz, 175 F.3d 200, 210 (1st Cir. 1999) ("It is clear that for habeas purposes the federal 'fundamental miscarriage of justice' standard means that petitioner must establish actual innocence.").

due to her son's experiences, it would be difficult for her to be impartial. Thus, contrary to Williams' belief, the burden never shifted to the prosecutor to articulate a race-neutral explanation for the peremptory strike. See Bergadore, 40 F.3d at 517 n.4; Porter, 831 F.2d at 768.

Williams also argues that the evidence presented at trial was insufficient to support the jury's verdict of guilt on the charge of first-degree murder. But, for essentially the same reasons as those stated by the district court, we find that it was not objectively unreasonable for the SJC to have concluded that the evidence was sufficient to support the verdict.

The petition for COA is DENIED, and the appeal is terminated.

By the Court:

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk.

Richard Cushing Donovan, Clerk

*[signature]*
Deputy Clerk

By: _____
Operations Manager.

Date: 11/22/06

[cc: Joseph F. Krowski, Esq., Annette C. Benedetto, AAG]